

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE LEON-ALCAZAR, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3076 <br><br> Agency No. <br> A245-787-839 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025
San Francisco, California**

Before: S.R. THOMAS, and LEE, Circuit Judges, and SILVER, District Judge.***

Maria Guadalupe Leon-Alcazar petitions for review of an immigration

judge's ("IJ") order affirming an asylum officer's negative credible fear of torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

finding as part of expedited removal proceedings. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. "We have jurisdiction to consider our own jurisdiction." *Singh v. Barr*, 982 F.3d 778, 781 (9th Cir. 2020). We dismiss the petition because we lack jurisdiction to review a Convention Against Torture ("CAT") determination made as part of an expedited removal proceeding.

Certain noncitizens, including Leon-Alcazar, are subject to expedited removal without full removal proceedings. *See* 8 U.S.C. § 1225(b)(1)(A). As part of that process, a noncitizen who expresses a fear of persecution receives a credible fear interview with an asylum officer. *Id.* The expedited removal statute, 8 U.S.C. § 1225(b)(1), "speaks solely in terms of asylum," but "the applicable regulations go further and direct the asylum officer also to assess whether the [noncitizen] might be eligible for withholding of removal . . . or for relief under the Convention Against Torture." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1150 (9th Cir. 2022) (citing 8 C.F.R. § 208.30(e)(2), (3), (5)). If a noncitizen has a credible fear of persecution or torture, the noncitizen is referred for further proceedings. 8 U.S.C. § 1225(b)(1)(B)(ii); 8 C.F.R. § 208.30(f). If a noncitizen lacks a credible fear, however, they are ordered immediately removed (subject to review by an immigration judge). 8 U.S.C. § 1225(b)(1)(B)(iii); 8 C.F.R. § 1208.30(g)(2).

2

Pursuant to 8 U.S.C. § 1252(a)(2)(A), "Congress has chosen to explicitly bar nearly all judicial review of expedited removal orders . . . including 'review of constitutional claims or questions of law.'" *Mendoza-Linares*, 51 F.4th at 1148 (citing 8 U.S.C. § 1252(a)(2)(A), (D)). Leon-Alcazar argues that this jurisdictional bar does not apply to review of CAT determinations because CAT determinations were added to the expedited removal process by regulation, rather than by statute. Her argument fails because the statutory text and purpose support applying the bar to CAT claims, and because this interpretation accords with Supreme Court and Circuit precedent.

The statutory text of § 1252(a)(2)(A) includes an expansive and comprehensive bar on jurisdiction that provides "'clear and convincing evidence' of congressional intent to preclude judicial review" of CAT claims. *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020) (quoting *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 64 (1993)). Congress stripped this court of jurisdiction to review "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of" expedited removal. 8 U.S.C. § 1252(a)(2)(A)(i). A CAT determination "relat[es] to the implementation" of an expedited removal order because it prevents removal if an asylum officer or immigration judge finds a credible fear of torture, and the noncitizen is thus

3

entitled to further proceedings on CAT relief. *See Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) (describing how an "order granting CAT relief means . . . that notwithstanding the order of removal, the noncitizen may not be removed to the designated country of removal"); 8 C.F.R. §§ 208.30(f), 1208.30(g)(2)(iv)(B).

Interpreting the statute to preclude review of CAT determinations aligns with the purpose behind expedited removal and the jurisdictional bar. It is a "settled rule that a statutory construction 'that furthers rather than obstructs the [statute's] purpose should be favored.'" *Mendoza-Linares*, 51 F.4th at 1166 (alteration in original) (quoting *Connell v. Lima Corp.*, 988 F.3d 1089, 1101 (9th Cir. 2021)). Congress enacted the expedited removal process, including the jurisdictional restrictions at § 1252(a)(2)(A), as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *DHS v. Thuraissigiam*, 591 U.S. 103, 106 (2020). "A major objective of IIRIRA was to 'protec[t] the Executive's discretion' from undue interference by the courts; indeed, 'that can fairly be said to be the theme of the legislation.'" *Id.* at 112 (alteration in original) (quoting *Reno v. Amer.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999)). With that lens, we interpret Congress's broad language in § 1252(a)(2)(A) as intending to comprehensively protect expedited removal proceedings from judicial interference. Further, the purpose of creating the

4

expedited removal process was "to ensure the 'expedited removal of inadmissible arriving'" noncitizens; introducing review of CAT determinations could "thwart that purpose by interposing . . . substantial delays . . . into what is supposed to be a highly streamlined process." *Mendoza-Linares*, 51 F.4th at 1166.

Finally, both the Supreme Court and this court have explicitly stated that § 1252(a)(2)(A) bars review of CAT determinations made as part of expedited removal proceedings. In *Nasrallah*, the Supreme Court noted, "[i]n *expedited* removal proceedings, the immigration laws do not provide for any judicial review of CAT claims." 590 U.S. at 586 n.5 (citing 8 U.S.C. §§ 1225(b)(1)(B)(iii), 1252(a)(2)(A), 1252(e)). Similarly, in *Mendoza-Linares*, we stated that we lacked jurisdiction to review a petitioner's CAT determination made as part of expedited removal proceedings because it "plainly do[es] not" "escape the jurisdiction bar" of § 1252(a)(2)(A). 51 F.4th at 1159 n.9.

Accordingly, we interpret 8 U.S.C. § 1252(a)(2)(A)(i) to bar judicial review of CAT determinations, as they "relat[e] to the implementation" of an expedited order of removal. We thus lack jurisdiction to review Leon-Alcazar's petition.

**PETITION DISMISSED.**